## LaTouche Estate

*Joseph G. McKeone*, for accountant.
*William J. C. O'Donnell*, for residuary legatees.
*I. N. Earl Wynn* and *Joseph E. Harvey*, for charity.
MACELREE, P. J., March 4, 1965. — Decedent,

Helen LaTouche, died November 4, 1962, leaving a last will and testament dated October 29, 1962, which revoked a prior will dated November 15, 1961, the latter of which had not theretofore been revoked or superseded and the former of which was duly admitted for probate by the Register of Wills of Chester County, Pa., and letters testamentary thereon granted November 13, 1962, unto Joseph Banjack, the executor named therein.

Section 7(1) of the Wills Act of 1947 prescribes the rules which now govern the effect on religious and charitable gifts of decedent's death within 30 days after the execution of the will and is as follows:

"Any bequest or devise for religious or charitable purposes included in a will or codicil within thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid. The thirty-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death. *Unless the testator directs otherwise,* if such a will or codicil shall revoke or supersede a prior will or codicil executed at least thirty days before the testator's death, and not theretofore revoked or superseded and the original of which can be produced in legible condition, and if each instrument shall contain an identical gift for substantially the same religious or charitable purpose, the gift in the later will or codicil shall be valid; or if each instrument shall give for substantially the same religious or charitable purpose a cash legacy or a share of the residuary estate or a share of the same asset, payable immediately or subject to identical prior estates and conditions, the later gift shall be valid to the extent to which it shall not exceed the prior gift."

By the stipulation, it is agreed that each instrument gave a share of the residue, payable immediately, for the same charitable purpose.

In our opinion the charitable gift to the Presbyterian Home is saved by section 7(1) of the Wills Act and the real issue is the "extent" to which the later will is valid or, in other words, how much the Presbyterian Home shall receive.

As stated by counsel for the Presbyterian Home for the Aged at Kennett Square, the question is does "extent" mean in dollars and cents or share or proportion?

It is the contention of the Presbyterian Home that since it would have gotten one-half of the residue under the prior will, which, according to mathematical calculations would have been $12,294.74, the later bequest is valid to this "extent" in dollars.

Counsel for Joseph Banjack and Elizabeth Banjack concede that the later bequest is valid only to the "extent" of *one-half of the residue* of $15,156.79.

Counsel for both contesting parties admit that they have been unable to find any reported case "on all fours" with the case at bar.

Counsel for the Banjacks cites Professor Bregy's interpretation of the section in his discussion on Intestate, Wills and Estates Acts of 1947, which is as follows:

"Where both gifts are outright pecuniary legacies, the statutory solution is simple and logical. The lower of the two amounts is the measure of the effective gift. Thus, the will executed within 30 days of death can reduce the charitable gift but cannot increase it. In either case, the second gift is effective but only 'to the extent to which it shall not exceed the prior gift' . . . If the two gifts, instead of being pecuniary legacies, are framed in terms of fractional shares 'of the residuary estate' or 'of the same asset,' again the lower of the two fractions constitutes the measure of the effective gift. Note, however, that one standard of measure may not be substituted for another."

Mr. Bregy's interpretation has, we find, been cited

with approval and adopted in York Estate, 75 D. & C. 164; York Estate, 3 Fiduc. Rep. 1; Benner Estate, 6 Fiduc. Rep. 150, and Yeakel Estate, 23 D. & C. 2d 17.

Counsel for the Presbyterian Home for the Aged, Kennett Square, suggests the following hypothetical situation in answer to Mr. Bregy's conclusion: "But on Mr. Bregy's theory, assume an estate with a balance for distribution of $40,000, where, under the prior will the charity is bequeathed one-half of the residue, following pecuniary legacies totalling $30,000. The charity thus would get $5000. Under the later probated will, however, executed within 30 days of death, the bequest to the same charity is ¼ of the residue and the pecuniary legacies total only $10,000. Here, the gift is ¼ of $30,000 or $7500, which does not seem reasonable under the Act. The fraction does not exceed that of the prior will, but the dollar amount does" and in support of their contention that the dollar amount should control the "extent" to which the later gift "shall not exceed the prior gift."

This court concludes that if the two gifts, as here, instead of being pecuniary legacies are framed in terms of fractional shares of the residuary estate, the lower of the two fractions constitutes the measure of the effective gift and that proportions of shares in residue controls and not the dollar amount.